UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In Re:  JULIAN KAPLAN,                          :
                                                :
              Debtor.                           :
---------------------------------------------------------------x
JULIAN KAPLAN,                                  :
                                                :
              Plaintiff-Appellant,              :       ORDER
                                                :
              - versus -                        :       11-CV-5996 (JG)
                                                :
THE BAY CLUB CONDOMINIUM and THE                :
BOARD AND MANAGERS OF THE BAY                   :
CLUB CONDOMINIUM,                               :
                                                :
              Defendants-Appellees.             :
---------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        On December 9, 2011, I granted the plaintiff-appellant Julian Kaplan leave to appeal from the order of United States Bankruptcy Judge Elizabeth S. Stong, dated December 8, 2011. The Court then set a briefing schedule, pursuant to which Kaplan's brief was due by January 30, 2012. Kaplan failed to file a brief by that date. On February 27, 2012, the Court ordered Kaplan to show cause why his appeal should not be dismissed for failure to prosecute.

        In response, Kaplan filed an affidavit explaining that he did not file a brief because he believed that his appeal had become moot, but he asked that the appeal not be dismissed because recent events had "made [him] question whether or not the appeal is in fact moot, and whether or not [he] can be granted meaningful relief if and after [he] were to be successful on the appeal." Kaplan Aff. ¶ 14, ECF No. 6. The defendants-appellees filed a response, arguing that the appeal is in fact moot and that Kaplan lacks standing, and Kaplan filed a reply.

I conclude that the appeal is moot. The order on appeal denied Kaplan's application for an order temporarily barring the foreclosure sale of his home. That foreclosure sale took place on December 9, 2011. The Court cannot enjoin a sale that has already occurred.

Kaplan's argument that the appeal is not moot is unpersuasive. He claims that it appears that the sale of his home has not yet closed and may not close in the future. *See, e.g.*, *id.* ¶¶ 20–21. Accordingly, he asserts the home may "go back on the 'auction block.'" *Id.* ¶ 20. By Kaplan's own admission, however, his argument is based largely on suspicion and conjecture. Kaplan may be correct that the successful bidder at the December 9, 2011 auction will not close on the property and his home will be auctioned again in the future. But as of now, that possibility is "too speculative to avoid mootness." *E.I. Dupont de Nemours & Co. v. Invista B.V.*, 473 F.3d 44, 47 (2d Cir. 2006).

If a new auction is to take place, Kaplan may again seek relief, in the first instance, from the bankruptcy court. That court is best equipped to assess the propriety of injunctive relief with reference to any changed circumstances since its prior order, including the conversion of Kaplan's bankruptcy case from a Chapter 13 to a Chapter 7 case.

Accordingly, the appeal is dismissed as moot.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
     April 9, 2012